TURNER et al. v. BROWN et al.

No. 32170. Oct. 8, 1946.

Rehearing Denied Oct. 29, 1946.

*173 P. 2d 943.*

W. A. Barnett, of Okmulgee, for plaintiffs in error.

G. R. Horner, of Okemah, and Tom Payne, of Okmulgee, for defendants in error.

WELCH, J. Arthur Turner, Joella Crenshaw, and Chrisella Graham, herein called plaintiffs, obtained a judgment against Jesse Brown and caused execution to be issued and levy was made upon certain personal property. Among other items was an ambulance hearse and a shotgun. Jesse Brown filed a motion to quash and vacate the execution levy upon the ground that he being an undertaker, the ambulance hearse was exempt to him by reason of such trade and profession. Y. C. Mitchell intervened and claimed ownership of the shotgun. The trial court released the shotgun as the property of Y. C. Mitchell, and sustained the motion of Jesse Brown.

The plaintiffs appeal and present first the proposition that the ambulance hearse is an automobile and not exempt from execution, and cites 31 O. S. 1941 § 8, which provides:

"Automobiles and other motor vehicles shall not be exempt from attachment, execution and other forced sale."

It is urged that the trial court erred in holding that the ambulance hearse comes under the class of exempt property as an apparatus of, or used in, a profession.

No doubt the trial court's determination was based on the exemption provisions of 31 O. S. 1941 § 1, subd. 5, which provides that all tools, apparatus and books belonging and used in any trade or profession, being the property of the head of a family, shall be exempt from execution, etc.

The trial court's judgment reads in part:

"That the V-8 Ford combination ambulance and hearse is exempt . . . for the reason that it is an 'apparatus' of the profession of the owner, Jesse Brown, who is a professional undertaker . . . that the Ford V-8 automobile hearse and combination ambulance be . . . discharged from said execution levy, as exempt property, . . . "

The common usage of such vehicle mentioned above is to transport injured, sick and infirm persons or the bodies of deceased persons, over the public streets and highways for hire.

It may be said that such usage of the vehicle is a part of the operations in carrying on the work of an undertaker and by such usage the vehicle might be said to be an "apparatus" belonging to and used in the trade or profession of undertaking. However, by its every usage as a motor-driven carrier upon the public highways, and by any description of the physical thing itself and its characteristics, it must be said to be an automobile or a motor vehicle.

Long after the adoption of 31 O. S. 1941 § 1 (Laws 1905) providing exemption on "apparatus" from execution, the Legislature adopted section 8 (Laws 1913), providing that automobiles and other motor vehicles shall not be exempt from execution. The latter act states no exceptions, and clearly limits all other general exemptions provided in the earlier act.

Even though the ambulance hearse here involved be said to be an "apparatus," it cannot be said that it is not a motor vehicle, and as such it comes within the purview of 31 O. S. 1941 § 8.

The judgment of the trial court in sustaining the motion of Jesse Brown to quash and vacate the execution levy is reversed with directions to enter judgment in favor of plaintiffs.

The plaintiffs next contend that the court erred in holding that the shotgun in question was the property of and should be released to Y. C. Mitchell. The claimant, Y. C. Mitchell, testified that he borrowed $12 from Jesse Brown, the judgment debtor, and placed the shotgun in his keeping with the understanding that when the $12 was paid he should take the shotgun back into his possession. This, in effect, created a possessory lien in favor of Jesse Brown which he had right to and did waive, but the title to the property remained in Y. C. Mitchell. The testimony of Y. C. Mitchell was supported by Brown and another, although some conflicting statements were made. Since there was evidence to support the general finding of the trial court that the property was not subject to the execution levy as the property of the judgment debtor, such finding will not be disturbed.

The judgment of the trial court in sustaining the motion of Y. C. Mitchell is affirmed.

GIBSON, C. J., HURST, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.